**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JAN P. HALL,**

          **Plaintiff,**

**-vs-**                                                          **Case No. 6:06-cv-1737-Orl-31KRS**

**ORANGE COUNTY SCHOOL BOARD**
**and**
**RONALD BLOCKER,**

          **Defendants.**

## ORDER

This matter comes before the Court on a Motion to Dismiss (Doc. 22) and supporting Memorandum of Law (Doc. 23)[1] filed by Defendant Ronald Blocker ("Blocker"), and Plaintiff's Response thereto (Doc. 25).

**I. Background**

Plaintiff, Jan P. Hall ("Hall"), was employed by the Orange County School Board ("OCSB") as a teacher at Sadler Elementary School ("Sadler") from 2000 through 2005, when she resigned. Blocker was the Superintendent of Orange County School's at all times relevant to this action.

---

[1] This Court notes that the filing of two separate documents is a violation of Local Rule 3.01(a). However, in the interest of efficiency this Court has chosen not to strike the filings in this instance, particularly because the two filings did not exceed the page limit of 25 pages. Still, Counsel is advised that future violations of the Local Rules may result in sanctions.

Hall brings this action under 42 U.S.C. § 1983 ("§ 1983") alleging that Blocker and OCSB violated her First Amendment rights by constructively discharging her because of a letter she wrote to her Congressman. The facts, as alleged in the Amended Complaint (Doc. 19) are as follows:

In 2005 Hall sent a letter[2] to her United States Congressman which contained her personal opinions regarding immigration. (Doc. 19 at 2). On August 16, 2005, Hall was asked by Sadler's principal to identify the letter, which had been obtained and published, without Hall's knowledge or permission, in *El Nueva Dia*, a Spanish language newspaper. (Doc. 19 at 2-3). The letter was critical of Puerto Ricans, Mexicans and Haitians and caused controversy amongst the community. (Doc. 19 at 2).

On August 23, 2005, Hall was suspended without pay and removed from her class by Blocker. (Doc. 19 at 3). Hall then met with Blocker and Orange County Employee Relations Senior Manager John Hawco ("Hawco") about her suspension. (Doc. 19 at 3). Hawco informed Hall that Blocker had the right to suspend her without pay because of the statements she made in the letter. (Doc. 19 at 3).

On August 30, 2005, Hall met with Hawco and Nancy Dunn ("Dunn") a representative from the Classroom Teachers' Association Union. (Doc. 19 at 3). Hawco told Hall that Blocker had the power to terminate her unless she signed an agreement. Hawco gave Hall a letter stating that Hall would agree to "the terms of the agreement" and told Hall that she could lose all of her benefits if she did not sign the letter. (Doc. 19 at 3). Dunn told Hall that she could be terminated if

---

[2] A copy of the letter is attached to Hall's original Complaint as Exhibit A. (Doc. 1 at 8-9).

she refused to sign the letter. (Doc. 19 at 3). Hall refused to sign the letter without knowing what the "terms of the agreement" were. (Doc. 19 at 3). Hawco responded that the terms of the agreement had not been written yet. (Doc. 19 at 3). As a result of this meeting, Hall resigned her employment with OCSB to avoid losing her benefits upon termination. (Doc. 19 at 4).

After Hall offered her resignation, OCSB kept her on "suspended without pay" status for six weeks. (Doc. 19 at 4). Hall finally demanded that her resignation be accepted so that she could receive her accrued benefits and retire. (Doc. 19 at 4).

**II. Standard of Review**

In ruling on a motion to dismiss, this court must view the complaint in the light most favorable to the Plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232 (1974), and must limit its consideration to the pleadings and any exhibits attached thereto. Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.,* 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The Court will not dismiss a complaint for failure to state a claim unless it appears beyond a doubt that the Plaintiff cannot prove any set of facts that support a claim for relief. *Conley v. Gibson,* 355 U.S. 41 45-46 (1957). In ruling on a motion to dismiss, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.,* 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss, "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.,* 345 F.3d 866, 880 (11th Cir. 2003) (citing Fed. R. Civ. P. 8(a)). This is a liberal pleading requirement, one that does not require

a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.,* 253 F.3d 678, 683 (11th Cir. 2001). Instead, the complaint need only "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Id.* (internal citation and quotations omitted). "A complaint need not specify in detail the precise theory giving rise to the recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." *Sams v. United Food and Comm'l Workers Int'l Union,* 866 F.2d 1380, 1384 (11th Cir. 1989).

## III. Legal Analysis

Hall's Amended Complaint alleges two causes of action against Blocker, both for violations of § 1983. Count II is brought against Blocker in his individual capacity, and Count III is brought against Blocker in his official capacity.

*A) Count II*

Blocker argues that Count II should be dismissed for three reasons: (1) Blocker is entitled to qualified immunity; (2) Hall fails to state a cause of action for constructive discharge; and (3) Hall has failed to allege sufficient personal involvement by Blocker to support the cause of action. (Doc. 22 at 1).

### 1. Qualified Immunity

In order to receive qualified immunity, "the government official must first prove that he was acting within [the scope of] his discretionary authority." *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003). Once a defendant establishes that he was acting within the scope of his

discretionary authority, the burden shifts to the plaintiff to show that qualified immunity is not appropriate. *Id*.

In this case Blocker has made no argument that he was performing a discretionary function, and therefore has not met his burden under the qualified immunity test. Without further development of the record, this Court cannot determine whether or not Blocker was acting within the scope of his discretionary authority. Therefore, Blocker is not entitled to qualified immunity.

### 2. Constructive Discharge

Blocker alleges that Hall's allegations are insufficient to support a claim for constructive discharge because they do not show "that working conditions were so intolerable that a reasonable person would have felt compelled to resign." (Doc. 23 at 5). Defendant's argument fails, however, because the question of what a reasonable person would have felt is a question of fact for the jury to decide. Hall has alleged that she was threatened with termination and loss of benefits if she did not sign a letter agreeing to the terms of an agreement she had never seen. These allegations are sufficient to support a cause of action for constructive discharge.

### 3. Blocker's Personal Involvement

Blocker argues that the allegations in the Amended Complaint do not allege personal involvement by him and that Hall is attempting to establish his liability using a theory of *respondeat superior*. The doctrine of *respondeat superior* does not apply to claims arising under § 1983. *Engelleiter v. Brevard County Sheriff's Dept.,* 290 F. Supp. 2d 1300, 1308 (M.D. Fla. 2003). However, the Amended Complaint does not seek to establish liability on the basis of such a theory. Hall is attempting to establish liability based on Blocker's individual actions, and whether his actions are sufficient to establish such liability is a question of fact that the Court cannot

decide. Hall has made sufficient allegations of Blocker's involvement to survive a motion to dismiss.

### B) Count III

Blocker argues that Count III should be dismissed because it is duplicative of Count I, which is brought against OCSB, Blocker's employer. It is true that a suit against a government official in his official capacity is duplicative of a suit against the government entity by which he is employed. *See Monell v. Department of Social Services of the City of New York,* 436 U.S. 658, 691 (1978). Plaintiff's argument that the counts are not duplicative because OCSB denies that Blocker is a final policymaker is incorrect and unsupported by the law. Therefore Count III will be dismissed.

### C) Punitive Damages

Finally, Defendant argues that Plaintiff cannot establish entitlement to punitive damages, and her prayer for such should be stricken. At this stage it is unnecessary for the Court to determine whether punitive damages are appropriate. Therefore, this Court will not reach this issue at this time.

**IV. Conclusion**

Accordingly, it is

**ORDERED** that Defendant Blocker's Motion to Dismiss (Doc. 22) is **GRANTED** in part and **DENIED** in part. Count III of Plaintiff's Amended Complaint (Doc. 19) is **DISMISSED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 26, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party